PER CURIAM.
The Board of Governors of the Florida Bar (the Board) adopted an amendment to article III, section 6 of the bylaws as follows:
*483 The Board of Governors shall hold meetings at such times and places as may be designated by the Board or called by the President. Any active member of The Florida Bar in good standing may attend meetings at any time except during such times as the Board shall be in executive session concerning disciplinary matters, matters involving personnel employed or to be employed by The Florida Bar, or matters involving communication between The Florida Bar and its attorneys when consulting in an attorney-client relationship. Minutes of all meetings shall be kept by the executive director. (Words underlined are additions to existing bylaw.)
The amendment was published in The Florida Bar News. Thereafter, 25 members of The Florida Bar (petitioners) filed a petition for review of the bylaw amendment.
Article VII of the Integration Rule provides that bylaws may be amended by the Board of Governors and such bylaws as amended shall be promptly published in The Florida Bar Journal or The Florida Bar News. The action of the Board in this respect may be the subject of a petition for review filed in the Supreme Court. The petition must be signed by at least 25 active members of The Florida Bar. This Court may then consider the petition for review in such manner as it deems proper and may approve, modify, or disapprove the action under review. We have jurisdiction.
Petitioners point out that from the birth of The Florida Bar the Board and this Court have recognized the importance of informed participation by the membership within the representative democracy-form government. They correctly assert that the legislature and this Court, in non-bar matters, have come to recognize the wisdom of openness in government and the informed public resulting from this course. They point to chapter 286, Florida Statutes, “Government in the Sunshine Law” and this Court’s comments on the wisdom of the Government-in-the-Sunshine concept in Town of Palm Beach v. Gradison, 296 So.2d 473 (Fla.1974). Petitioners argue that the Board should not be able to prevent members of the bar from hearing their deliberations and knowing of their decisions in (1) matters involving personnel employed or to be employed by The Florida Bar, and (2) matters involving communication between The Florida Bar and its attorneys when consulting in an attorney-client relationship.
Regarding personnel matters, the Board has but one mandated duty — -the hiring and firing of the executive director. Art. IV, § 4, Bylaws of The Florida Bar. Petitioners urge that members of the bar should be able to attend and participate in all meetings where the Board is considering the employment of an executive director. The executive director, petitioners properly say, is charged with the responsibility of employing clerical assistants as the work of the office may require and his position has a more immediate and crucial impact upon the day-to-day operation of the bar and upon its members than any other person.
Petitioners also argue that the “attorney-client relationship” provision is too broad. The Board employs attorneys as lobbyists. Petitioners say that discussion with these attorneys and actions relating to directions given them should not be in secret. Petitioners argue that the terms “personnel” and “attorney-client relationship” matters are vague and leave unbridled discretion in the Board to close the meetings. The bylaw permits no review of a decision to close a meeting because the members will never know the meeting was closed. They will not know what was discussed at the closed meeting and will not know what action is taken.
The Board responds that Florida Bar Integration Rule, article III, section 1, gives it the power and duty to fully administer the Integration Rule. It says that the proposed amendment to the bylaw does not represent something new or a change in direction as far as bar management is concerned. The amended bylaw represents nothing more than an effort to disclose the situations in which bar members can expect to find the Board in executive session.
*484 The bylaw in question came into being following the resignation of the former executive director. Several of the applicants for the position asked that their applications be kept confidential because of their particular employment status and situation. Some members of the bar sought to discover the identity of all the applicants, suggesting that neither the Integration Rule nor the bylaws authorized “executive sessions” when the board chose an executive director. The Board, however, accommodated the applicants after it found no prohibition against executive sessions in the rule and recognized the need to protect an applicant’s relationship with his or her present employer.
The Board also included a reference in the bylaw to attorney-client type consultations. In the past, the Board says it entered executive session when its lawyers discussed contemplated pending litigation in which the bar either probably would be or was a party. The Board says that the bar’s ability to effectively litigate would be hindered or reduced if the bar’s opponents (or their counsel) sat in on these consultations.
The bylaw is consistent with the rule that bestows broad power and duty upon the Board. There is nothing in the bar’s history to support any allegation that the Board will seize upon the bylaw to deprive the membership of information about its activities.
It is presumed that reasonable men and women who have been elected to serve on the Board will continue to operate in a reasonable manner. If the Board either fails to properly govern the bar or leads the bar in a direction contrary to the views of the membership, then it is presumed the membership will elect a new governing body.
The bylaw is not inconsistent with the Integration Rule, it is a lawful exercise of the Board’s authority vested in it by The Florida Bar Integration Rule. Therefore, the bylaw should be approved.
It is so ordered.
SUNDBERG, C. J., and ADKINS, OVER-TON, ALDERMAN, McDONALD and EHRLICH, JJ., concur.
BOYD, J., dissents.